UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to: | ORDER GRANTING WYETH'S MOTION FOR SUMMARY JUDGMENT |
| <u>Lydia Dyson v. American Home Products Corp.</u>, et al., 2-cv-893. | |

Wyeth f/k/a American Home Products Corporation ("Wyeth") moves this court for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, on the grounds that the evidence in this case demonstrates that plaintiff did not ingest a PPA-containing product manufactured by Wyeth within the seventy-two hours prior to her alleged stroke as required by the Court's June 18, 2003 <u>Daubert</u> Order. Plaintiff did not file an

ORDER
Page - 1 -

opposition to the motion.[1] Having reviewed the motion, the court hereby finds and rules as follows:

On July 8, 2003, plaintiff was deposed. During her deposition, plaintiff unequivocally testified that she did not ingest a PPA-containing product manufactured by Wyeth within seventy-two hours of her alleged stroke. Given the court's June 18, 2003 Daubert Order excluding evidence of product usage outside of the seventy-two hour window, plaintiff cannot make a sufficient showing as to an essential element of her case. Based on her own sworn testimony, plaintiff cannot meet the burden of proof with respect to her claims against Wyeth. Indeed, plaintiff's deposition testimony clearly demonstrates that she did not ingest any Wyeth product within the seventy-two hours preceding her alleged stroke. There exists no genuine issue of material fact in dispute. Accordingly, Wyeth is entitled to summary judgment as a matter of law.

Based on the foregoing, the court hereby GRANTS Wyeth's motion for summary judgment as a matter of law and plaintiff's claims against it are DISMISSED with prejudice.

DATED at Seattle, Washington, this 7th day of December 2005.

*Barbara J. Rothstein*

---

[1] The summary judgment motion was filed on August 9, 2005. Thereafter, on August 29, 2005, the court stayed the case through November 20, 2005. As such, plaintiff's opposition was due on December 2, 2005.

ORDER
Page - 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

ORDER
Page - 3 -